Michael L. **MELTZER**

v.

**MUTUAL BENEFIT HEALTH & ACCI- DENT ASSOCIATION.**

**Civ. A. No. 19188.**

United States District Court E. D. Pennsylvania.

April 15, 1957.

Henry Temin, Philadelphia, Pa., for plaintiff.

Walter B. Gibbons, Philadelphia, Pa., for defendant.

GRIM, District Judge.

In this suit on a health and accident insurance policy defendant has moved for summary judgment contending that the action is barred by a clause in the policy limiting the time within which a suit under the policy can be brought.

The policy provides:

"The Association will pay at the rate of * * * One Hundred ($100.00) Dollars [1] per month * * for disability resulting from disease . * * * provided said disease necessitates total disability and total loss of time."

The policy provides also:

"Affirmative proof of loss must be furnished to the Association at its said office in case of claim for loss of time from disability within ninety

---

[1]. Since plaintiff now is over sixty the payments would be reduced to $50.00 a month by another provision in the policy.

days after the termination of the period for which the Association is liable.".

The policy provides also:

"No action at law or in equity shall be brought to recover on this policy * * * unless brought within two years from the expiration of the time within which proof of loss is required by this policy."

For present purposes the facts in the case can be taken to be: In February, 1949, plaintiff became totally disabled. He filed a proof of loss. Up to March, 1951, defendant made the monthly payments which were due to plaintiff. Since that date, however, defendant has made no payment, contending that plaintiff was no longer totally disabled. Plaintiff has filed no proof of loss since March, 1951.

Defendant's contention is that "the period for which the Association is liable" terminated in March, 1951, that the terms of the policy required plaintiff, therefore, to file a proof of loss ninety days thereafter, that at the end of that ninety-day period the two-year limitation-of-action clause in the policy started to run, and that the suit which was started July 1, 1955, was started too late.

I cannot agree with defendant's contention. Under the facts of the case, as I must now assume them to be, plaintiff has been totally disabled since February, 1951. The policy contains no limitation of the period during which the defendant is liable for monthly payments for total disability, as that term is defined in the policy. Since the time of "the termination of the period for which the Association is liable" has not arrived, the time for furnishing the proof of loss has not yet arrived, nor has the time when the limitation-of-action clause starts to run.

It might be said that each month since plaintiff's disability started was a "period for which the Association is liable" and that on this reasoning a proof of loss was required within ninety days after March, 1951. That, however, would be a construction of the policy most unfavorable to the insured. Insurance policies are construed most favorably, not most unfavorably, for the benefit of insured persons.

Defendant's motion for summary judgment is denied.